IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP ROUSSEAU, *et. al.*,
Plaintiff,

Civil No. JFM-09-CV-1079

v.

HOWARD COUNTY, MARYLAND, *et. al.*,
Defendant.


OPINION


Plaintiffs Phillip Rousseau, *et al*,[1] taxpayers, property owners, residents, and registered voters in Howard County, Maryland ("the County"), have brought suit against the County and several County officials in their individual capacities[2] (collectively, "Defendants") claiming that Defendants have deprived them of their "rights to substantive and procedural due process, equal protection under the law, and their fundamental rights to free association, free speech and ability to petition the government and seek redress of grievances." (Am. Compl. ¶ 157; *see also id.* ¶ 558.) Plaintiffs allege that these deprivations constitute violations of 42 U.S.C. § 1983.[3] They have claimed compensatory and punitive damages, declaratory relief, and injunctive relief. (*Id.* at 50-52, 139-40.)

---

[1] Plaintiffs are Phillip Rousseau, Carvel Mays, Jr., Frank Martin, and Paul F. Kendall (Am. Compl. ¶¶ 4-7.)

[2] Defendant Paul Johnson was, and still is, the Deputy County Solicitor for Howard County at all times relevant to the events described herein, except for a brief time in 2007 when he was Acting County Solicitor. (Am. Compl. ¶ 9.) At all times relevant to this suit, Defendant Lynn Robeson was, and still is, an Assistant County Solicitor for Howard County. (*Id.* ¶ 10.) Defendant Marsha McLaughlin at all relevant times held a high level position in the Howard County Department of Planning and Zoning; in 2003 she was appointed Director of the Department of Planning and Zoning, a position she continues to hold today. (*Id.* ¶ 11.) Defendant Lisa Kenny at all relevant times was, and still is, employed by the Howard County Department of Planning and Zoning. (*Id.* ¶ 12.) Defendant Robin Regner at all relevant times was, and still is, employed as Administrative Assistant to Howard County Board of Appeals and the Board of Appeals Hearing Examiner. (*Id.* ¶ 13.)

[3] Section 1983 provides, in relevant part, "Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. to Dismiss Comp. ("Defs.' Mot.") 1.)  The issues have been fully briefed and no hearing is deemed necessary.  Local Rule 105.6.  For the reasons that follow, Defendants' motion is granted.  Specifically, Plaintiff Mays' suit is dismissed for lack of standing and the remaining Defendants' suit is dismissed for impermissible claim splitting.[4]

## I.  FACTUAL BACKGROUND

Plaintiffs' Amended Complaint consists of two counts.  Count I involves the Seiling Industrial Park Project ("SIPP") and is brought by Plaintiffs Rousseau and Mays against Defendants Howard County, Johnson, McLaughlin, and Regner.  (Am. Compl. ¶¶ 14-15, 133.) Count II involves the Turf Valley Project ("TVP") and is brought by Plaintiffs Kendall and Martin against Defendants Howard County, McLaughlin, Johnson, Robeson, and Kenny. (*Id.* at ¶¶ 181, 534.)

In Count I, Plaintiffs allege that their rights were violated when they attempted to use the administrative processes established by Howard County law to appeal administrative decisions which they believe resulted in the denial of their constitutionally protected right to petition for zoning changes to be put to referendum.   Specifically, they allege that their right to petition zoning changes under Section 202(g) of the Howard County Charter was circumvented when the Howard County Planning Board, instead of the County Council, amended the "Final Development Plan" ("FDP") for a parcel of land in Columbia, Maryland, to allow the construction of a Wegmans grocery store.  Plaintiffs attempted to use an appeals process and characterize the process as "futile," because they believe their grievance was never addressed despite filing four appeals and participating in at least ten administrative proceedings and one judicial hearing.  Furthermore, Plaintiffs allege that Rousseau suffered a deprivation of a protected property interest, "his right to the quiet enjoyment of his property," as a result of the violations.  The backyard of Rousseau's home is near the highway that will be used to access

[4] This memorandum treats the Motion to Dismiss (Docket. No. 8) and the Motion to Dismiss the Amended Complaint (Docket No. 19) as essentially the same motion.  As the Plaintiffs have acknowledged in a letter to the court (Docket No. 15) and the Defendants have explained in their Motion to Dismiss the Amended Complaint, the Amended Complaint (Docket No. 11) is essentially the same as the initial Complaint (Docket No. 1).  Therefore, this decision grants both Motions to Dismiss and dismisses both Complaints.

the grocery store, so Rousseau anticipates increased traffic, causing greater noise, fumes, dust, and dirt and increased difficulty and danger in crossing the intersection near the home.  (Am. Compl. 8-13.)

Count II raises similar claims regarding the Turf Valley Project ("TVP").  The TVP is a residential and commercial development project that will create nearly 2,000 residential units and an estimated two million square feet of commercial space.  Plaintiff Kendall's home is in a small residential community on the road that provides the only access to the TVP.  Kendall alleges that the increased traffic caused by the TVP has led to the deprivation of his right to the quiet enjoyment of his property because it is now difficult and more dangerous to cross the street; the traffic creates excessive noise, dust, fumes, and pollution; the construction is noisy; and there are other related problems. (Am. Compl. 53-60.)  In addition to Kendall's allegation that his Fourteenth Amendment right to quiet enjoyment is being denied (*id.* ¶ 550), Plaintiffs allege they "have been subject to a deliberate, calculated, well-orchestrated, and in some cases malicious failure on the part of Howard County to provide constitutional fairness in the conduct of their land use practices." [5]  (Am. Compl. ¶ 533.)

## II. ANALYSIS

In their Motion to Dismiss, Defendants argue that this Court should dismiss Plaintiffs' Amended Complaint because it violates the rule against claim splitting, the Plaintiffs lack standing, or alternatively because it fails to state a claim upon which relief may be granted. They also argue that certain Defendants should receive qualified immunity.  (Mem. Supp. Def.s' Mot. To Dismiss Am. Compl. ("Def.'s Mem.") 8, 11.)  This Court finds that three Plaintiffs— Kendall, Martin, and Rousseau—are barred from bringing this suit because it is duplicative of an earlier case and that the fourth Plaintiff, Mays, lacks standing.  This Court therefore need not evaluate whether the Amended Complaint fails to state a claim or whether qualified immunity is applicable.

---

[5] Specifically, Plaintiffs allege they were denied "adequate notice of basis for governmental action; impartial decision makers, opportunity to make a meaningful oral presentation; an opportunity to present evidence or witnesses to the decision maker; a chance to confront and cross-examine evidence or witnesses for the opposing side; the right to have an attorney present at Planning Board meetings; decisions based on the record with a statement of reasons; or transcripts of proceedings." (Am. Compl. ¶ 551.)

A.   Claim Splitting

"It is undisputed that it is within a district court's power to stay or dismiss a suit that is duplicative of another federal court suit." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626 (D. Md. 2006) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).   "The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 275 Fed. App'x 256, 265 (4th Cir. 2008) (internal quotation omitted).   A party is thus barred from bringing an action on the same subject to the same court against the same defendants when the previous action is still pending in federal court. *Id.* (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2nd Cir. 2000)).   The claims need not be identical for the rule against claim splitting to apply. Rather, the suits and claims asserted therein need only "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (quoting *In re Varat Enters., Inc.*, 831 F.3d 1310, 1316 (4th Cir. 1996)).

This case is a classic example of impermissible claim splitting.   Three of the Plaintiffs in this case—Kendall, Martin, and Rousseau—previously challenged SIPP and TVP in a federal case, currently on appeal to the Fourth Circuit. *See Kendall v. Howard County*, JFM-09-CV-369, 2009 WL 2358359 (D. Md. July 30, 2009).[6]   As Defendants pointedly observe, "One need not look any further than the first page of both complaints to confirm that they arise from the same 'factual predicate' or 'common nucleus of operative fact;' they are, word for word, identical."   (Defs'. Mot. 3.)   Further analysis of Plaintiffs' Amended Complaint confirms that initial impression.   In *Kendall*, Plaintiffs accused Howard County and several of its employees of violating their First Amendment rights, right to substantive due process and equal protection, and right to petition the government for redress of grievances in part because of actions taken by the Howard

---

[6] *Kendall* had not even been decided yet when the instant case was filed.

County Planning Board or the Department of Planning and Zoning.  2009 WL 2358359, at *1-2. This case is factually distinct from *Kendall* only in challenging fewer projects, slightly altering the defendants, and replacing several of the plaintiffs with Mays.

Plaintiffs' response to the assertion that their Amended Complaint is barred because it is impermissible claim splitting is not persuasive.  As a preliminary matter, Plaintiffs' legal argument is a clear misunderstanding of the relationship between claim splitting and *res judicata* more generally.  (Pl.'s Opp. to Mot. to Dismiss ("Pl.'s Opp.") 9-10.)  Put simply, claim splitting requires a pending earlier suit, not a final judgment in an earlier suit.  That legal misunderstanding aside, Plaintiffs' arguments about the supposedly distinctive facts of this case are unavailing.  Plaintiffs assert that "[t]he evidence necessary to prove [*Kendall*] has nothing to do with the evidence necessary to show that Plaintiffs were denied the rights to due process in the quiet enjoyment of their property and their liberty interests."  (*Id.* 9.)  While it may be true that some different factual evidence is required here, that observation does not mean the case as a whole arises from a different nucleus of facts or a different transaction.  As the Fourth Circuit has explained, "Were we to focus on the claims asserted in each suit, we would allow parties to frustrate the goals of *res judicata* through artful pleading and claim splitting given that '[a] single cause of action can manifest itself into an outpouring of different claims.'" *Pueschel*, 369 F.3d at 355 (quoting *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1166 (1st Cir. 1991)).  The additional claims could have been, and should have been, included in *Kendall*.

Finally, the fact that some of the plaintiffs and defendants are different in the instant case does not cut against dismissal for claim splitting.  The Defendants in this case who were not involved in *Kendall* should have been added in that case.  Failure to add them does not justify bringing a duplicative suit.  Similarly, Plaintiffs Kendall, Martin, and Rousseau cannot bring a duplicative suit simply by finding a fourth plaintiff to join it.  Therefore, Kendall, Martin, and Rousseau are barred from bringing this suit by the doctrine of claim splitting.

Because Mays was not a party to the initial suit, the claim splitting analysis does not apply to him.  "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit" and therefore should not be

precluded from litigation.  *Taylor v. Sturgell*, -- U.S. --, 128 S. Ct. 2161, 2171 (2008).  Although there are several exceptions to this general rule, none applies here.  For example, a nonparty may be bound by a judgment when his interests were adequately represented by someone who was a party to the suit, but that exception requires "special procedures to protect the nonparties' interests" or "an understanding by the concerned parties that the first suit was brought in a representative capacity."  *Id.* at 2172-74.  There is no evidence of special procedures or representation here, so Mays cannot be included in the analysis applicable to the other Plaintiffs.

B.  Standing

"[T]he irreducible constitutional minimum of standing contains three elements": (1) an "injury in fact," meaning an injury that is "concrete and particularized" and "actual or imminent"; (2) a "causal connection between the injury and the conduct complained of," meaning that the injury is "fairly traceable" to the defendant's actions; and (3) a likelihood that the injury "will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).  The plaintiff bears the burden of proving each of these prongs.  *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002) (citing *Lujan*, 504 U.S. at 561).  Furthermore, the standing inquiry is "especially rigorous" when reaching the merits would require the court to decide whether an action taken by another branch of government is constitutional.  *Raines v. Byrd*, 521 U.S. 811, 819-20 (1997) (citations omitted).

Plaintiff Mays clearly fails on the "concrete and particularized" prong.  As the Supreme Court has held repeatedly, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citations omitted).  Here, Plaintiff Mays only has a generalized grievance; he does not live near the challenged development or have any other particularized injury.  Mays and the other Plaintiffs seem to recognize as much.  Tellingly, Plaintiffs focus their standing argument on the other three

Plaintiffs, declining to offer any proof of the standing elements specific to Mays.[7] (Pl.'s Opp. 10.)
This Court finds that Plaintiff Mays lacks standing.


DATE:   <u>11/19/2009</u>                    <u>      /s/                        </u>
                                            J. Frederick Motz
                                            United States District Judge

---

[7] Although Article III standing is distinct from the standing inquiry in state courts, it is worth noting that Mays' administrative appeal was dismissed for lack of standing and affirmed by the Circuit Court for Howard County, and Mays chose not to appeal to Maryland's appellate courts.  (Defs.' Mot. 11 n. 3 (citing Exh. 1).)